IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KATHERINE A. SOLARCZYK,

      Plaintiff,

v.                                                                                         No. CV 22-384 CG

GENERAL DYNAMICS CORPORATION,
PHEBE NOVAKOVIC, and
JOANNE LARSON,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED
IN FORMA PAUPERIS AND ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on Plaintiff Katherine A. Solarczyk's *Complaint for a Civil Case* (the "Complaint"), (Doc. 1), filed May 18, 2022, and Ms. Solarczyk's *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 3), filed May 19, 2022.

    **I.**    **Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees:

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma*

*pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court finds Ms. Solarczyk is unable to pay the costs of this proceeding and grants Ms. Solarczyk's *Application to Proceed in District Court Without Prepaying Fees or Costs* for the following reasons. Ms. Solarczyk signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Ms. Solarczyk and her spouse's combined average monthly income amount during the past 12 months is $2,991.92; (ii) Ms. Solarczyk and her spouse's monthly expenses total $2,418.13; (iii) Ms. Solarczyk and her spouse have $7,427.03 in checking and savings accounts; (iv) Ms. Solarczyk has $159,000.00 in an IRA; and (v) Ms. Solarczyk's daughter and two grandchildren rely on Ms. Solarczyk for support. The Complaint alleges that Defendant General Dynamics is demanding repayment of $876,210.99 from Ms. Solarczyk.

## II.     The Complaint

Ms. Solarczyk, who retired from employment with Defendant General Dynamics, alleges that Defendant General Dynamics notified Ms. Solarczyk that "there was a miscalculation in my pension distribution and [I] needed to repay $876,210.99." (Doc. 1 at 6). Ms. Solarczyk believes that "the numbers used in [the] calculation of [the] Pension [are] still incorrect." *Id.* at 7. Ms. Solarczyk asks that her account be audited and that Defendant General Dynamics' retirement benefits procedures, forms and calculation be

reviewed and revised. *See id.* at 8. Ms. Solarczyk also asks the Court to "null and void my signed form for overpayment of funds and any repayments to be made" because the "egregious error in calculation made by General Dynamics will cause financial ruin for myself and my family." *Id.*

The Complaint names Phebe Novakovic "CEO" and Joanne Larson "Senior Manager, Benefits" as Defendants, but there are no factual allegations stating what Defendants Novakovic and Larson did to Ms. Solarczyk, when they did it, and how their actions harmed Ms. Solarczyk. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Consequently, Ms. Solarczyk's claims against Defendants Novakovic and Larson should be dismissed for failure to state a claim upon which relief can be granted.

### III.     Dismissal of Proceedings *In Forma Pauperis*

Ms. Solarczyk is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

3

While the claims against Defendants Novakovic and Larson can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Ms. Solarczyk an opportunity to amend. The Court therefore orders Ms. Solarczyk to file an amended complaint.

**IV.     Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Complaint on Defendants at this time because the Court is ordering Ms. Solarczyk to file an amended complaint. The Court will order service if Ms. Solarczyk files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

**IT IS THEREFORE ORDERED** that:

(i)     Ms. Solarczyk's *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 3), is **GRANTED.**

(ii)    Ms. Solarczyk shall, by **June 13, 2022**, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of claims as described above.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

4